# The Gazette Publishing Company and Weil & Sons *v.* David McMurtrie, Appellant.

*Execution — Distribution — Partnership — Claims of defendant partners and creditors.*

The fund for distribution, being under the direct control of the court which had jurisdiction of all the parties, which was produced from partnership assets and claimed by creditors on final judgment; such creditors in equity and good conscience ought to be paid before individual partners' claiming under exemption, it appearing moreover that the appellant partner had secured and been paid out of the fund $300; the decree of the court below in final distribution of the balance will not be disturbed.

Argued March 25, 1898.   Appeal, No. 32, March T., 1898, by defendant, from decree of C. P. Blair Co., June T., 1897, Nos. 56 and 57, discharging rule to show cause why defendant should not be allowed the benefit of the exemption law.   Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.   Affirmed.

Exceptions to auditor's report.   Before BELL, P. J.

The facts sufficiently appear in the opinion of the court.

The court below dismissed the defendant's rule.   Defendant appealed.

*Error assigned* was in not making absolute the rule to allow defendant the benefit of the exemption law.

*J. S. Leisenring* of *Leisenring & Atkinson,* for appellant.— Here, therefore, was the impounding of a fund upon which there was no lien or the semblance of one, to await possible action of creditors whose claims were disallowed by the auditor, and whose report in that direction was confirmed by the very court making the impounding order.   This is contrary to the doctrine as enunciated in Andrews v. Fishing Creek Lumber Company, 161 Pa. 204.   But here the court, "in order to afford partnership creditors an opportunity to put their claims in shape for collection" (i. e. to become record and lien creditors) tied up—impounding—this money previously definitively decreed, in specific amounts, to the appellant and his late copart-

ner's assignee, and gave ear to simple contract creditor's ex parte petitions and who were absolutely without status : Rudy's App., 94 Pa. 338, 344; Moore v. Dunn, 147 Pa. 359.

" But " says Wait on Fraudulent Conveyances, section 73, " a rule of procedure which allowed any prowling creditor, before his claim was definitely established by judgment, and without reference to the character of his demand, to file a bill . . . . to impeach transfers or to interfere with the business affairs of the alleged debtor, would manifestly be susceptible of the grossest abuse. A more powerful weapon of oppression could not be placed at the disposal of unscrupulous litigants: " Artman v. Giles, 155 Pa. 409; Kelly v. Herb, 157 Pa. 41.

Nor could the court by this decree change the course of distribution made by the auditor's report, duly confirmed and unappealed from.

The matter from that moment stood res judicata, and the court was bound to so consider it in the decree of August 24, 1897 : Myers v. Coal Co., 126 Pa. 582; Harris v. Shuster, 3 Pa. Superior Ct. 331; Straw v. Smith, 179 Pa. 376, and cases cited in opinion.

The confirmation of an auditor's report as originally submitted, or as it may be subsequently modified by the court, constitutes a definitive decree of the court: Trickett's Law of Assignments, section 193.

Its benefits cannot be lost except by the omission of the party entitled to make his or her claim in due time, and in the proper manner, or by some act inconsistent with a bona fide claim, or where, by the provisions of law, the claim cannot be allowed : Williamson v. Krumbhaar, 132 Pa. 455.

*R. A. Henderson,* of *Henderson & Fletcher,* for appellees.— After the decree of March 10, 1897, the sheriff retained in his hands enough money to satisfy the judgments of the appellees, and the court acted upon the new matter presented in the petition by the appellees of March 1, 1897, and modified its decree made a few moments before. The matter was not res judicata : Wilson v. Wilson, 20 Atl. Rep. 644.

Several parties cannot each claim the benefit of the exemption law out of partnership property: Clegg v. Houston, 1 Phila. 352.

OPINION BY ORLADY, J., July 29, 1898:

McMurtrie and Akers, being partners, confessed judgments aggregating $2,221.29 in favor of certain creditors, who caused executions to be promptly issued, and the personal property of the defendants to be sold thereunder for the sum of $3,433.45.

An auditor was appointed to distribute the proceeds of the sheriff's sale, and pending the distribution, other creditors secured judgments against the late firm, and against one of the members individually.

On March 1, 1897, the court made an order confirming the report of the auditor absolutely, by which the balance in the hands of the sheriff was distributed

To David McMurtrie,   .   .   .   .   . $407.88
To John D. Blair assignee of F. L. Akers,   .   317.21

On the same day, the plaintiffs presented their petition in which they alleged certain facts relating to the distribution of the fund which caused the court to make the following order:

"Now, March 1, 1897, it is ordered that the sheriff do not pay out the money distributed to the individual partners or their assignee before Wednesday, March 10, 1897."

Subsequent to this, the sheriff paid $326.88 to David McMurtrie who claimed the balance of the fund, and asked that the sheriff be directed to pay that amount to him, to wit: $81.00, under the exemption laws. This was refused, and the single error urged is to this action of the court.

The distribution of the proceeds of the sheriff's sale was conducted under the supervision of zealous counsel, and a number of petitions were presented asking for decrees which would hold or release the fund. None of these were final and many were not excepted to.

The whole fund was under the direct control of the court which had jurisdiction of all the parties and of the fund. The record shows that McMurtrie received $300 of the fund which was produced from the partnership assets, and that creditors of the firm claimed the balance on final judgments against the partnership, who, as stated by the court "ought, in good conscience and equity to be paid before the individual partners would be entitled to such excess." In this we see no error.

The assignments of error are overruled and the decree is affirmed.